UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDOLPH ABNER,

        Plaintiffs,

                                        Case No. 10-CV-11006

vs.                                          HON. GEORGE CARAM STEEH

KAYE FINANCIAL CORP.
AND FIDELITY BANK,

        Defendants.
_____/

ORDER GRANTING DEFENDANT KAYE
FINANCIAL'S MOTION TO DISMISS (DOC. # 27, 28)

        Plaintiff, Randolph Abner, filed his complaint against defendants Kaye Financial Corporation and Fidelity Bank, alleging violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, the Community Reinvestment Act, and Michigan's Usury Act, M.C.L. 438.31 *et seq.* Plaintiff has also filed a Notice of Lis Pendens, giving notice of the pending lawsuit. This matter is presently before the court on defendant Kaye Financial's motion to dismiss.

        On March 5, 1998, plaintiff and his wife borrowed $81,000 and granted a mortgage in his property at 19969 Trinity, Detroit, Michigan, to Kaye Financial Corporation. ("Kaye Mortgage"). On April 25, 2002, plaintiff and his wife borrowed $135,850 from Washtenaw Mortgage Company and executed a promissory note. Kaye Financial played no role in the processing of plaintiff's 2002 mortgage. (Kevin Goldman, CFO of Kaye Financial, Aff. ¶3). Kaye Financial released its lien upon plaintiff's property when its mortgage was paid off. (Kevin Goldman Aff. ¶4).

Defendant Kaye Financial moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction, and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Where subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction exists. Kinsey v. Kinsey, 98 F.Supp.2d 834, 835 (N.D. Ohio 2000) (quoting RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir.1996)). "The court has wide discretion to consider materials outside the complaint in assessing the validity of its jurisdiction." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir.1990).

Federal Rule of Civil Procedure 12(b)(6) permits a district court to assess in a motion to dismiss whether the plaintiff has stated a claim upon which relief may be granted. In making that assessment, the court must construe the pleadings in a light most favorable to the plaintiff and determine whether the plaintiff's factual allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Bell Atlantic, 127 S. Ct. at 1964-65). In deciding a Rule 12(b)(6) motion, a district court may properly consider documents that are referred to in the complaint and central to the claim. Armengau v. Cline, 7 Fed. App'x. 336, 344 (6th Cir. 2001) (citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999)).

All of plaintiff's claims arise out of the 2002 mortgage, and Kaye Financial did not play any role in the sale or processing of this mortgage. To the extent plaintiff may be alleging violations of federal statutes relating to the 1998 mortgage, all such claims are barred by the applicable statutes of limitations.

The Truth in Lending Act ("TILA") provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . ." 15 U.S.C. § 1635(f). A mortgage loan is consummated at closing and the Kaye Mortgage loan closing took place on March 5, 1998 - twelve years before plaintiff filed this action. Plaintiff's TILA action for rescission of the Kaye Mortgage is dismissed because it is time barred.

Plaintiff also seeks monetary damages based upon a violation of TILA. Congress has provided that borrowers may request monetary relief under 15 U.S.C. § 1640. However, 15 U.S.C. § 1640(e) provides in pertinent part that '[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation." Plaintiff's claim for money damages under TILA are also time-barred as to Kaye Financial.

Additionally, Kaye Financial was not involved in the origination of the Fidelity loan, which is the loan on which plaintiff has defaulted. As such, Kaye Financial could not have engaged in any decision about plaintiff's ability to repay at origination of the loan.

Construing the pleadings in a light most favorable to plaintiff, defendant Kaye Financial is entitled to dismissal on plaintiff's TILA claim as alleged in Count I because the claim is time barred. Twombly, 550 U.S. at 564.

RESPA was enacted to ensure transparency of the mortgage lending industry and its relationship with third-parties and/or its customers. This case appears to question the legality of the origination of the Fidelity Mortgage. However, any conduct that would be proscribed by RESPA would only be relevant to the originating lender, Washtenaw

Mortgage Company, or its agents. RESPA also contains a statute of limitations section, which requires that an aggrieved party must bring their claim within one year of the occurrence. 12 U.S.C. § 2614. Plaintiff's RESPA claim is based on the Fidelity Mortgage, and is completely unrelated to defendant Kaye Financial. To the extent plaintiff is alleging RESPA violations arising out of the Kaye Mortgage, his claim, brought twelve years after he entered into that mortgage, is time-barred.

The Community Reinvestment Act was enacted by Congress to encourage commercial banks and savings associations to meet the needs of borrowers within all segments of their communities "consistent with the safe and sound operation" of their institution. 12 U.S.C. § 2901(b). The Act provides a framework for various federal financial supervisory agencies to assess a bank's record of meeting the credit needs of its entire community. 12 U.S.C. § 2903(a)(1). The Act provides an incentive for banks to led to all segments of its community, but it does not provide for any penalty for non-compliance. In addition, the Act does not provide a private cause of action to aggrieved borrowers, like plaintiff. Hicks v. Resolution Trust Corp., 970 F.2d 378, 382 (7th Cir. 1992). Plaintiff has failed to state a claim for which relief can be granted under the Community Reinvestment Act.

Plaintiff alleges a violation of Michigan's Usury Act due to an excessively high adjustable interest rate. The Michigan Court of Appeals has found that the Act may only be used as a shield against an action brought to enforce a usurious contract and not as an offensive weapon providing the basis for an independent cause of action. Michigan Mobile Homeowners Ass'n v. Bank of the Commonwealth, 56 Mich. App. 206, 216-17 (1974). Plaintiff has failed to state a claim for which relief can be granted under MCL 438.31c.

For the reasons stated above, Kaye Financial's motion to dismiss is GRANTED.

Plaintiff's complaint against defendant Kaye Financial is DISMISSED in its entirety. The Notice of Lis Pendens recorded on March 18, 2001 at Liber 48395, Page 1349 of the Wayne County Records is released, quashed and held for naught as to Kaye Financial.

So ordered.

Dated: November 22, 2010

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 22, 2010, by electronic and/or ordinary mail and also to Randolph Abner at 19969 Trinity, Detroit, MI 48219.

s/Josephine Chaffee
Deputy Clerk